UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

DERRICK BRANCH,

          Petitioner,

v.

JERI BOE,

          Respondent.

Case No. 2:24-cv-00517-BJR-TLF

ORDER

Petitioner Derrick Branch proceeds unrepresented by counsel and *in forma pauperis* in this 28 U.S.C. § 2254 federal habeas corpus action. Dkts. 3, 4. Respondent has filed an answer to the petition and relevant portions of the state court record. Dkt. 11. This matter is before the Court on petitioner's three motions to supplement his petition (Dkts. 14, 17, 22), petitioner's second motion to appoint counsel (Dkt. 22), petitioner's "motion to provide indigent petitioner with legal documents" (Dkt. 15) and petitioner's "motion to re-send state court record and motion to extend time for response to answer" (Dkt. 19).

### Motions to Supplement the Petition

Petitioner has filed three separate motions seeking to supplement his petition to add three new claims and additional arguments (Dkts. 14, 17, 22). Respondent opposes petitioner's request to supplement his petition on the grounds that petitioner has failed to comply with Local Civil Rule 15 and Rule 2, U.S.C. foll. § 2254. Dkt. 16.

ORDER - 1

The rules governing relief under 28 U.S.C. § 2254 require that the petition "specify all the grounds for relief available to the petitioner" and "state the facts supporting each ground[.]" Rule 2, U.S.C. foll. § 2254.

Western District of Washington Local Civil Rule (LCR) 15 provides, in relevant part:

> A party who moves for leave to amend a pleading must attach a copy of the proposed amended pleading as an exhibit to the motion. The party must indicate on the proposed amended pleading how it differs from the pleading that it amends by bracketing or striking through the text to be deleted and underlining or highlighting the text to be added. The proposed amended pleading must not incorporate by reference any part of the preceding pleading, including exhibits.

LCR 15.

Under Federal Rule of Civil Procedure 15(d), supplemental pleadings are permitted to the extent a party seeks to "set[ ] out any transaction, occurrence, or event that happened *after* the date of the pleading to be supplemented." Fed. R. Civ. P 15(d) (emphasis added).

Here, petitioner seeks to add three additional claims and arguments in support of those new claims. Dkts. 14, 17, 22. Supplementation is not appropriate under these circumstances. *See Castillo-Chavez v. Warden, USP-Atwater,* No. 124CV00037JLTSKOHC, 2024 WL 308222, at *1 (E.D. Cal. Jan. 26, 2024) ("Since [the habeas] Petitioner merely seeks to add an additional claim, supplementation will not be permitted.").

Accordingly, petitioner's motions to supplement (Dkts. 14, 17, 22) are **DENIED** without prejudice to petitioner's filing of a proper motion to amend his petition. If petitioner moves to amend his petition, he must attach a proposed amended petition

ORDER - 2

including *all* of the claims he intends to assert in this habeas action as well as any supporting arguments or documents.

### Motions for Documents and for Extension

Petitioner has also filed a "motion to provide indigent petitioner with legal documents" in which he seeks a copy of his entire trial record (including all trial transcripts), a copy of his entire direct appeal record, and a copy of his entire personal restraint petition record (including al CrR 7.8 motion documents from the Washington superior court). Dkt. 15. Petitioner indicates he has been moved around to different prisons and housing units and "most of [his] legal documents have been lost." *Id.* Respondent opposes the motion noting that the state court record, "including the briefs and opinions filed in the state court direct appeal, the briefs and opinions filed in the personal restraint petition proceeding, and the entire 26 volumes of trial transcripts" were filed with the Court and provided to petitioner on June 10, 2024. Dkt. 16. Respondent argues petitioner does not show a need for an additional copy of the record or a right to the production of any additional documents. *Id.*

Petitioner subsequently filed a "motion to re-send state court record and motion to extend time for response to answer." Dkt. 19. Petitioner indicates he did not receive the copy of the state court record, indicating that he had been transferred to a new facility during the relevant period. *Id.* Petitioner also requests additional time, until July 18, 2024, to file his response to the answer because he has not yet received the state court record. *Id.*

Respondent does not oppose petitioner's request for the state court record and indicates that an additional copy of the record would be mailed to petitioner at his new

ORDER - 3

facility. Dkt. 20. Respondent subsequently filed a certificate of service indicating a copy of the state court record was sent to petitioner at his new facility on June 27, 2024. Dkt. 21. Respondent also does not oppose petitioner's request for an extension of time to respond to the answer. Dkt. 20.

Petitioner's "motion to re-send state court record" (Dkt. 19) is **DENIED** without prejudice as moot.[1] Petitioner's motion to extend time to respond to the answer" (Dkt. 19) is GRANTED. Petitioner's response to the answer is due on or before **August 12, 2024**.[2] Respondent may file a reply on or before **August 19, 2024**. The Clerk is directed to re-note the answer (Dkt. 10) to **August 19, 2024**.

Petitioner's "motion to provide indigent petitioner with legal documents" (Dkt. 15) is **DENIED** without prejudice. Under Rule 6 of the Rules Governing Section 2254 Cases, "[a] judge may, for good cause, authorize a party to conduct discovery under the Federal Rules of Civil Procedure and may limit the extent of discovery." Rule 6(a). "A party requesting discovery must provide reasons for the request. The request must also include any proposed interrogatories and requests for admission, and must specify any requested documents." Rule 6(b).

Here, respondent has provided petitioner a copy of the state court record which appears to contain most, if not all, of the documents petitioner requests. Petitioner fails to show at this point that he requires, or that there is good cause for, the Court to direct

---

[1] In the event petitioner does not receive the new copy of the state court record, he should notify the Court as soon as possible.

[2] The Court notes it is providing petitioner some additional time to file a response to ensure he has sufficient time to consider this current order and whether he intends to file a motion to amend his petition to include additional claims.

ORDER - 4

the production of any additional documents. Accordingly, petitioner's "motion to provide indigent petitioner with legal documents" (Dkt. 15) is **DENIED** without prejudice.

<u>Second Motion to Appoint Counsel</u>

Petitioner also seeks appointment of counsel for a second time (Dkt. 22). The Court previously denied petitioner's first motion to appoint counsel. Dkts. 5, 9.

Petitioner requests the appointment of counsel to ensure that his grounds for relief are adequately raised. Dkt. 22. He indicates he believes he has "non-frivolous" issues and that his trial was fundamentally unfair. *Id.* He indicates he has read that "if someone raises an issue of ineffective assistance of appellate counsel that they are generally appointed federal counsel." *Id.*

As indicated in the order addressing petitioner's first motion for counsel, there is no right to appointed counsel in cases brought under 28 U.S.C. § 2254 unless an evidentiary hearing is required or such appointment is necessary for the effective utilization of discovery procedures. *See McCleskey v. Zant*, 499 U.S. 467, 495 (1991); *United States v. Duarte-Higareda*, 68 F.3d 369, 370 (9th Cir. 1995); *United States v. Angelone*, 894 F.2d 1129, 1130 (9th Cir. 1990); *Weygandt v. Look*, 718 F.2d 952, 954 (9th Cir. 1983); Rules Governing Section 2254 Cases in the United States District Courts 6(a) and 8(c). The Court may appoint counsel "at any stage of the case if the interest of justice so require." *Weygandt*, 718 F.2d at 954. In deciding whether to appoint counsel, the Court "must evaluate the likelihood of success on the merits as well as the ability of the petitioner to articulate his claims pro se in light of the complexity of the legal issues involved." *Id.*

ORDER - 5

Here, the Court still does not find good cause at this point for granting leave to conduct discovery; thus, counsel is not necessary to effectively utilize discovery. Further, the Court has not determined an evidentiary hearing is required. *See* Rules Governing Section 2254 Cases in the United States District Courts 6(a) and 8(c). Moreover, petitioner has effectively articulated his grounds for relief raised in the petition, the grounds do not, at this point, appear to be factually or legally complex, and petitioner has not shown at this stage that he is likely to succeed on the merits of this case. *See* Dkt. 4. Accordingly, petitioner's second motion to appoint counsel (Dkt. 22) is **DENIED** without prejudice.

The Clerk is directed to provide petitioner with the Court's form for filing an amended 28 U.S.C. § 2254 habeas petition. The Clerk is directed to provide a copy of this order to petitioner and counsel for respondent.

Dated this 9th day of July, 2024.

Theresa L. Fricke
United States Magistrate Judge

ORDER - 6